**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO.    7:20-CV-433 |
| 3.070 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN STARR COUNTY, STATE | § | |
| OF TEXAS; AND LUIS ERNESTO | § | |
| GONZALEZ AND SONIA GONZALEZ, | § | |
| ET AL, | § | |
| Defendants. | § | |

---

**SUPPLEMENTAL AMICUS BRIEF REGARDING OWNERSHIP OF SUBJECT
PROPERTY**

---

**COMES NOW** the United States of America (hereinafter "United States") and respectfully

submits this supplemental brief in its role as *amicus curiae* regarding ownership issues in response

to discussion during the Evidentiary Hearing on July 8, 2021:

**STATEMENT OF FACTS**

1.    On May 28, 2021, the United States filed an amicus brief regarding ownership of

the real property identified as Tract RGV-RGC-6052 (hereinafter "Subject Property").[1]

2.    On June 4, 2021, Defendants Darlene K. Lund Bailey, John D. Lund, Tandy Z.

Lund, and Diana M. Lund Castaneda (hereinafter "Lund Defendants") filed their Brief Regarding

Ownership.[2]

3.    On July 8, 2021, the Court conducted an evidentiary hearing on title, and it appeared

that additional title evidence and analysis may aid the Court's determination of ownership of the

Subject Property.

---

[1] Dkt. No. 27.
[2] Dkt. No. 28.

## ANALYSIS

The issue before the Court is whether Mr. Gonzalez and the Lund Defendants were cotenants at the time of the government's taking and, if they were, whether Mr. Gonzalez had established adverse possession under the more stringent standard applicable to cotenants. The following analysis suggests they was no cotenancy at the time of taking. Even if they were cotenants, the Lund Defendants had constructive notice of repudiation.

### I.      Lund Defendant's Title

4.      The Lund Defendants obtained their undivided interest in the parent tract of the Subject Property under Texas intestacy law when their father, John Derick Lund, died on November 1, 1986.

5.      Prior to 1986, John Derrick Lund was cotenant of the Subject Property with Mary L. McCall.

6.      Luis Ernesto Gonzalez purchased the parent tract of the Subject Property on July 2, 2007.[3]

### II.      Adverse Possession Involving Co-Tenants

7.      In land title disputes, state rather than federal, law applies. *United States v. 1,078.27 Acres of Land, More or Less, Situated in Galveston County, Tex.*, 446 F.2d 1030, 1040 (5th Cir. 1971). In Texas, adverse possession is defined as "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." Tex. Civ. Prac. & Rem. Code Ann. § 16.021(1) (West). "[T]o establish a claim for adverse possession, a claimant must prove: (1) actual possession of the disputed property, (2) that is open and notorious, (3) peaceable, (4) under a claim of right; (5) that is consistently and continuously adverse or hostile to the claim of another person for the duration

---

[3] *See* Dkt. No. 26, Ex. 2.

of the relevant statutory period." *Hardaway v. Nixon*, 544 S.W.3d 402, 408 (Tex. App. San Antonio 2017). The burden is on the adverse possessor to prove every fact essential to his claim by a preponderance of the evidence. *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990).

8.      The adverse possession standard is more stringent when the case involves cotenants. *See Villarreal v. Guerra*, 446 S.W.3d 404, 410 (Tex. App. 2014); *Laster v. Huntsville Properties Co.*, 826 S.W.2d 125, 129 (Tex. 1991) ("A cotenancy is formed when two or more persons share the unity of exclusive use and possession in property held in common."). "In an adverse possession claim between cotenants, the proponent must prove ouster—unequivocal, unmistakable, and hostile acts the possessor took to disseize other cotenants." *Id.* (citing *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 70 (Tex. 2011)).

9.      According to the Court of Appeals of Texas, "[t]his more stringent requirement may be satisfied in one of at least two ways." *Rife v. Kerr*, 513 S.W.3d 601, 617 (Tex. App. 2016). "First, '[i]t has long been settled in Texas that a conveyance by one cotenant to a stranger, or by one or more cotenants to another cotenant, purporting to convey the entire common property, when followed by actual adverse possession, amounts to a disseizin of the non-participating cotenant; and record of such conveyance, followed by possession, constitutes notice of the repudiation.'" *Id.* (citing *Republic Prod. Co. v. Lee*, 132 Tex. 254, 265, 121 S.W.2d 973, 978 (1938)); *see also Thedford v. Union Oil Co. of California*, 3 S.W.3d 609, 614 (Tex. App. 1999) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 289 (Tex. App. 1991); *Beazley v. Beazley*, 273 S.W.2d 938, 940 (1954); *Bradshaw v. Holmes*, 246 S.W.2d 296, 301 (Tex. Civ. App. 1951) ("[A] conveyance by one cotenant to a stranger to the title, by an instrument purporting to pass the entire title in severalty... when followed by entry of such stranger, claiming under such deed, into actual and exclusive possession, amounts to a disseisin of the other cotenants, and that such possession if continued for the statutory period will ripen into title."). Second, a constructive notice of ouster may be

established when there has been: (1) "long-continued possession under claim of ownership" and (2) "non-assertion of claim by the cotenant." *Id.* (citing *Tex-Wis Co. v. Johnson*, 534 S.W.2d 895, 901 (Tex. 1976). Moreover, the Supreme Court of Texas has stated that an ouster or notice of repudiation may also be established through "a change in the use or character of possession of the land…. In cases of that kind, notice may be inferred regardless of the length of possession." *Tex-Wis*, 534 S.W.2d at 901.

10.     On the date of taking, Mr. Gonzalez and the Lund Defendants were not cotenants because the deed transfer to Mr. Gonzalez was a conveyance by one cotenant to a stranger.

11.     The warranty deed executed by Earl J. McCall, individually and as Trustee of the Mary L. McCall Trust, 2007 (hereinafter "2007 deed") purported to transfer the *entire* parent tract of the Subject Property to Mr. Gonzalez.[4] As such, Mr. Gonzalez did not share the unity of exclusive use and possession in property held in common; he acquired sole and exclusive use and possession of the parent tract. *See Laster*, 826 S.W.2d at 129. Because Mr. Gonzalez was a stranger who acquired the entire parent tract, his recording of the 2007 deed and possession of the parent tract in 2007 constitute notice of repudiation to the cotenants of Earl J. McCall, namely, the Lund Defendants. *See Rife*, 513 S.W.3d at 617; *Thedford*, 3 S.W.3d at 614; *Beazley*, 273 S.W.2d at 940; *Bradshaw*, 246 S.W.2d at 301; *see also* Dkt. No. 26, ¶¶7–9 (discussing Mr. Gonzalez' possession of the parent tract of the Subject Property, which includes fencing, ranching, and farming); *Tex–Wis*, 534 S.W.2d at 901–02 (suggesting that uses such as fencing and cattle grazing may constitute actual possession for purposes of proving ouster).

12.     In other words, the Lund Defendants received constructive notice of repudiation in 2007 when Mr. Gonzalez took title and possession of the Subject Property, but the Lund Defendants failed to bring suit to recover real property under the three-year, five-year, and ten-

---

[4] *See* Dkt. No. 26, Ex. 2.

year limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. §§16.024–26. As such, Mr. Gonzalez appears to have satisfied the elements of adverse possession.

13.     Even if Mr. Gonzalez became a cotenant with the Lund Defendants when he purchased the parent tract of the Subject Property in 2007, it appears that Mr. Gonzalez had effectively ousted the Lund Defendants through "unequivocal, unmistakable, and hostile acts the possessor took to disseize other cotenants." *Laster*, 826 S.W.2d at 70.

14.     First, the record shows Mr. Gonzalez had a continued possession under claim of ownership for a period of at least 10 years. *See Tex–Wis*, 534 S.W.2d at 902 ("[W]e make no attempt to set out any precise test for determining 'long-continued' possession. The number of years required may vary according to the circumstances of the particular case."); *compare* Tex. Civ. Prac. & Rem. Code Ann. § 16.026 (10-year limitations period to recover real property in adverse possession). The record shows Mr. Gonzalez' possession of the Subject Property is evidenced by paying taxes, installing perimeter fencing, maintaining exclusive access via a private gate, raising cattle, leveling the property for cultivation, harvesting hay several times per year, installing an irrigation system, and claiming title to the entire parent tract since 2007. *See Tex–Wis*, 534 S.W.2d at 901–02 (suggesting that uses such as fencing and cattle grazing may constitute actual possession for purposes of proving ouster); *Thedford*, 3 S.W.3d at 614 (suggesting that fencing, farming, and other visible and obvious improvements are evidence of continued, open, notorious, exclusive, and inconsistent with the existence of title of anyone other than the occupants).

15.     In addition to not asserting a claim to recover the Subject Property after Mr. Gonzalez took possession, the Lund Defendants entered into a title agreement with Mr. Gonzalez

in 2019, conceding any interest they may have in the parent tract of the Subject Property to Mr. Gonzalez.[5]

16.     Even if Mr. Gonzalez became a cotenant with the Lund Defendants in 2007, Mr. Gonzalez appears to have established an ouster or notice of repudiation through "a change in the use or character of possession of the land." *See Tex-Wis*, 534 S.W.2d at 901. In 2007, at the time of Mr. Gonzalez' purchase, the parent tract of the Subject Property was a vacant, unimproved, non-agricultural land. After his purchase, Mr. Gonzalez converted the entire property to different uses, operating a portion of the land for agriculture (hay production) and another portion of the land for cattle grazing. New uses which required Mr. Gonzalez to fence, irrigate, and work the land. According to the Supreme Court of Texas, a notice of repudiation may be inferred from such a change in the use of the property. *See Tex-Wis*, 534 S.W.2d at 901. As such, it appears that in 2007, Mr. Gonzalez provided constructive notice of repudiation of any cotenancy that existed, specifically as to the Lund Defendants, by changing the use and character of the property.

## CONCLUSION

The United States requests this Court enter an order determining ownership of the Subject Property.

---

[5] *See* Dkt. No. 26, Ex. 3.

Respectfully submitted,

**JENNIFER B. LOWERY**
Acting United States Attorney
Southern District of Texas

By:  *s/ Megan Eyes*
**MEGAN EYES**
Assistant United States Attorney
Southern District of Texas No. 3135118
Florida Bar No. 0105888
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Megan.Eyes@usdoj.gov
Attorney-in-Charge for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2021, I electronically filed the foregoing

SUPPLEMENTAL AMICUS BRIEF REGARDING OWNERSHIP OF SUBJECT PROPERTY

with the Clerk of the Court using the CM/ECF System and provided a copy to all parties via

electronic mail.

By:  *s/ Megan Eyes*
**MEGAN EYES**
Assistant United States Attorney