Case 7:20-cv-00433 Document 35 Filed on 09/16/21 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-00433 |
| | § | |
| 3.070 ACRES OF LAND, MORE OR LESS, *et al*, | § § | |
| | § | |
| Defendants. | § | |

## ORDER DETERMINING TITLE AS TO TRACT RGV-RGC-6052

Now before the Court is the issue as to who holds title to Tract RGV-RGC-6052 ("subject property"). Federal courts overseeing condemnation cases have the authority to determine who holds title amongst parties before a land's condemnation. *Florida Beaches v. Niagara Inv. Co.*, 148 F.2d 963, 964 (5th Cir. 1945); *United States v. 22,680 Acres of Land*, 438 F.2d 75, 77 (5th Cir. 1971); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950). Federal courts look to the substantive law of the state in which the subject property is located to resolve a title dispute. *See United States ex. Rel. T.V.A. v. Powelson*, 319 U.S. 266, 279 (1943). When there are multiple parties claiming ownership of the land, it is on the party to show their claim to the land. *United States v. Lee*, 360 F.2d 449, 452 (5th Cir. 1966). After considering the Government's briefing (Dkt. Nos. 26, 29), the Lund Defendants' briefing (Dkt. No. 27), arguments heard at the Title Hearing held on July 8, 2021, and the applicable law, the Court finds the following.

Plaintiff acquired title to a fee simple estate of 3.070 acres of the property on January 7, 2021. *See* 40 U.S.C. § 3114(b)(1); *United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss.*, 639 F.2d 299, 303 (5th Cir. 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the

taking."); (Dkt. Nos. 2, 6). The following parties were identified as having an interest in the property: (1) Luis Ernesto Gonzalez and Sonia Gonzalez; (2) Nora Lund Gomez; (3) Jacqueline Mae Lund Thompson; (4) John Lund; (5) John D. Lund; (6) Darlene K. Lund Bailey; (7) Tandy Z. Lund Hinrichs; (8) Dina M. Lund Castaneda; (9) Starr County Tax Assessor-Collector Ameida Salinas; and (10) Known and Unknown Heirs of Rosa Lund Harris, Deceased. (Dkt. No. 2, Schedule G). Nora Lund Gomez, Jacqueline Mae Lund Thompson, John Lund, John D. Lund, Darlene K. Lund Bailey, Tandy Z. Lund Hinrichs, Dina M. Lund Castaneda, and Starr County Tax Assessor-Collector Ameida Salinas disclaimed an interest in the subject property and have been dismissed from this action. (Dkt. Nos. 11, 12, 14, 24, 31). The remaining defendants are Luis Ernesto Gonzalez, Sonia Gonzalez, and the Known and Unknown Heirs of Rosa Lund Harris, Deceased.

The subject property is part of a 26.892 acre parent tract. (Dkt. No. 26 at ¶ 2). In 2008, the United States acquired 1.012 acres in fee, identified as Tract RGV-RGC-2024 from the same parent tract at issue in this case. *Id.* at ¶ 3. On March 26, 2019, as part of the settlement in the 2008 condemnation, Defendants John D. Lund, Darlene K. Lund Bailey, Tandy Z. Lund Hinrichs, and Dina M. Lund Castaneda (collectively "Lund Defendants") agreed to execute a quitclaim deed conveying their ownership interest in the parent tract to Defendants Luis Ernesto Gonzalez and Sonia Gonzalez (collectively "Gonzalez Defendants") within 60 days of signing the settlement agreement. *Id.* at ¶ 4.

Defendant Luis Ernesto Gonzalez purchased the parent tract at issue in this case on or about August 9, 2007, and recorded the Warranty Deed in the Deed Records of Starr County on September 12, 2007. *Id.* at ¶ 5. The Gonzalez Defendants were married prior to the purchase of the parent tract. *Id.* at ¶ 6. Therefore, the United States included Defendant Sonia Gonzalez as

an interested party since the parent tract is considered community property. *Id.* The Gonzalez Defendants claim full ownership of the parent tract, and specifically the subject property, through adverse possession. (Dkt. No. 26 at p. 5-8); (Dkt. No. 29 at ¶¶ 7-16).

Although the Lund Defendants filed their own brief to the court (Dkt. No 27), they have since disclaimed their interest in the subject property (Dkt. Nos. 30, 31). No heirs of Rosa Lund Harris have come forward claiming an ownership interest in the property acquired. As a result, the Gonzalez Defendants are the only parties before the Court claiming an interest in the subject party.

Accordingly, for purposes of this condemnation proceeding only, the Court **FINDS** the ownership of the subject property at the time of the subject taking to be held by the Gonzalez Defendants jointly.

SO ORDERED this 16th day of September, 2021, at McAllen, Texas.

_____
Randy Crane
United States District Judge